United States District Court
For The District of Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 JUN 30 PM 4 21

[Clerk stamp: Cheyenne]

UNITED STATES OF AMERICA,

vs.

Judith A. Shayler

¹AMENDED JUDGMENT IN A CRIMINAL CASE

CASE NUMBER: 14CR-00008-01J

Nicholas H. Carter
Defendant's Attorney

THE DEFENDANT:   pleaded guilty to count(s) <u>1 of an Information</u>.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1029(a)(5) and (c)(1)(A)(ii) | Fraud Using Access Device of Another | 2013 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No: **13653-091**

06/20/2014
Date of Imposition of Sentence

_/s/ Alan B. Johnson_
Alan B. Johnson
United States District Judge

6/30/14
Date

---

¹ Correction to Special Assessment. Correct amount $100.

| | |
|---|---|
| DEFENDANT: Judith A. Shayler<br>CASE NUMBER: 14CR-00008-01J | JUDGMENT -     Page 2 of 8 |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term 24 month.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

                _____
                United States Marshal

        By: _____
            Deputy Marshal

| | | |
|---|---|---|
| DEFENDANT: Judith A. Shayler | JUDGMENT - | Page 3 of 8 |
| CASE NUMBER: 14CR-00008-01J | | |

# MANDATORY CONDITIONS OF SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. DRUG TESTING IS WAIVED.

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

While on supervised release, the defendant shall not use or possess a firearm, ammunition, dangerous weapons or destructive device. Supervised release shall be revoked for possession of a firearm.

The defendant shall make special assessment, fine and restitution payments as ordered by the Court and is required to notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not incur any new debt or credit without permission of the U.S. Probation Officer.

The defendant shall provide full financial disclosure to the U.S. Probation Officer, including detailed documentation of income and expenses.

The defendant shall cooperate with the Internal Revue Service and file tax returns timely and lawfully, and pay any back taxes, penalties and interest as determined by the Internal Revenue Service.

DEFENDANT: Judith A. Shayler          JUDGMENT -          Page 4 of 8
CASE NUMBER: 14CR-00008-01J

Any employment shall be subject to the prior approval of the U.S. Probation Officer.

The defendant shall execute a voluntary wage assignment until her restitution and special assessment are paid in full.

The defendant shall attend a mental health evaluation, at the direction of the U.S. Probation Officer, and shall comply with any recommended therapy until discharge by the U.S. Probation Officer in consultation with the treatment provider.

The defendant shall participate in a cognitive-behavioral treatment regiment that may include, but is not limited to, Moral Reconation Therapy, Cognitive Thinking, Thinking for a Change, or Interactive Journaling. The defendant shall actively participate in treatment until successfully discharged or until the U.S. Probation Officer has excused the defendant from the treatment regimen.

| | |
|---|---|
| DEFENDANT: Judith A. Shayler<br>CASE NUMBER: 14CR-00008-01J | JUDGMENT -   Page 5 of 8 |

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Judith A. Shayler  JUDGMENT -  Page 6 of 8
CASE NUMBER: 14CR-00008-01J

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| 1 | $100.00 | $209,457.80 | $0.00 |
| **Totals:** | $100.00 | $209,457.80 | $0.00 |

## FINE AND/OR RESTITUTION

The fine and/or restitution includes any costs of incarceration and/or supervision. The restitution, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than $2,500, unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| | |
|---|---|
| DEFENDANT: Judith A. Shayler<br>CASE NUMBER: 14CR-00008-01J | JUDGMENT -  Page 7 of 8 |

## RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| Office of the Clerk<br>United States District Court<br>2120 Capitol Avenue<br>2nd Floor, Room 2131<br>Cheyenne, WY  82001 | $209,457.80 |

| | |
|---|---|
| DEFENDANT: Judith A. Shayler | JUDGMENT -            Page 8 of 8 |
| CASE NUMBER: 14CR-00008-01J | |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

>In full immediately.

The defendant shall pay all financial obligations immediately. While incarcerated, the defendant shall make payments of at least $25 per quarter. Any amount not paid immediately or through the Inmate Financial Responsibility Program shall be paid commencing 60 days after their release from confinement in monthly payments of not less than $25, or 10% of the defendant's gross monthly income, whichever is greater. All monetary payments shall be satisfied not less than 60 days prior to the expiration of the term of supervised release.

All financial penalty payments are to be made to the Clerks Office, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.